## AFFIDAVIT

I, Andrew Kirwan, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) currently assigned to the Rutland, Vermont Resident Agency of the Albany, New York Division. I have been a Special Agent since 2021. Previously I was employed full time as a sworn Police Officer in Reading, Massachusetts for almost five years. Currently I am responsible for working cases involving a variety of criminal violations, including violent crime and narcotics offenses. As a Special Agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

2. I submit this affidavit to establish probable cause to believe that on April 5, 2023, Kimberly BOUCHARD violated 21 U.S.C. § 841(a)(1), by distributing controlled substances, namely cocaine base and fentanyl, within the District of Vermont.

3. This affidavit is based upon my training and experience, and the investigation of other law enforcement officers. More specifically, I know the information contained within this affidavit is from information provided by Vermont Drug Task Force (VDTF) Det. Jacob Renning. Because this affidavit is submitted for the limited purpose of establishing probable cause, I have not set forth each and every fact learned by law enforcement during the course of the investigation. Where I describe a statement, it is described in substance, not verbatim.

### Receipt of Information

4. In March 2021, the Vermont Drug Taskforce (VDTF) began an investigation into the distribution of cocaine base and fentanyl in the Franklin County area by Kimberly BOUCHARD a.k.a. "Coons," hereafter identified as BOUCHARD. During that investigation

1

three (3) controlled purchases of cocaine base were conducted from BOUCHARD using a confidential informant (CI).

5. On January 31, 2022, the VDTF arrested BOUCHARD for charges related to the previous controlled purchases. BOUCHARD was arraigned in state court and placed on conditions of release.

6. In March of 2023, VDTF received numerous reports that BOUCHARD was again selling narcotics to include fentanyl, and was housing, supporting, and facilitating drug traffickers. At that time, BOUCHARD was pending trial on the aforementioned charges and was released under court conditions that she "NOT buy, have or use regulated drugs without a prescription." NW-VDTF subsequently conducted two (2) controlled purchases into BOUCHARD using a CI: one for cocaine base and one for cocaine base and fentanyl.

### April 5th Controlled Purchase from BOUCHARD

7. On April 5, 2023, the VDTF conducted a controlled buy into BOUCHARD using a CI. The CI is working with the VDTF for financial remuneration which is not contingent upon the identity of the target of the investigation. CI has advised that it was a long-time user of narcotics and would use narcotics recreationally. CI provided information which was independently confirmed. CI has conducted controlled purchases with the VDTF in the past. CI has criminal convictions for the following offenses: Vehicle Operation – Careless or Negligent, Unlawful Mischief $250 or Less, Alcohol – Minor – Possession, and Assault Simple.

8. On April 5, 2023, Det. Renning met with CI at approximately 1451 hours. CI advised that prior to meeting with investigators it spoke with BOUCHARD via telephone to arrange the purchase of cocaine base and fentanyl. CI would later identify BOUCHARD's cellular telephone number as (802) 713 - 3192, hereafter referred to as TARGET CELLPHONE.

While in Det. Renning's presence, the CI and BOUCHARD arranged over the phone to meet in multiple locations, but ultimately settled on 700 Tuckers Way, St. Albans, VT, which is also known as St. Albans Walmart, hereafter referred to as the transaction location.

9. Det. Renning briefed CI on the safety plan and objectives of the operation. At approximately 1605 hours, Det. Renning conducted a search of CI. No contraband or currency was located. At approximately 1603 hours, Det. Renning conducted a search of CIs vehicle. No contraband or currency was located. Det. Renning provided CI with three hundred and twenty dollars ($320.00) of prerecorded VDTF funds and equipped the CI with audio/video recording and monitoring devices.

10. At approximately 1639 hours, the CI traveled a desired route to the transaction location while under continual observation by the surveillance team. In addition to surveillance observations, CI was continually monitored via the audio and video transmitting devices. At approximately 1649 hours, Det. Renning observed CI arrive at the transaction location. Shortly after, a white Ford SUV bearing Vermont Registration HTT103, hereafter referred to as TARGET VEHICLE, arrived at Walmart. The TARGET VEHICLE was observed by the surveillance team parking in the area of CIs vehicle. The CI was observed exiting its vehicle and entering the TARGET VEHICLE.

11. At approximately 1656 hours, Det. Renning observed the CI make contact with BOUCHARD outside the TARGET VEHICLE. At approximately 1657 hours, Vermont State Police (VSP) Det. Trooper Degre observed CI break from the transaction. The surveillance team went on to maintain visual observations of the vehicle after the transaction was completed. CI traveled a desired route to a predetermined meeting location while under continual observation by the surveillance team.

12. At the conclusion of the transaction, the surveillance team maintained visual observations of the vehicle. The surveillance team followed the TARGET VEHICLE to the area of 211 Lake St, St. Albans, VT, which is known as the Beverage mart. BOUCHARD and a known associate of hers, identified as Zaquikon ROY, exited the TARGET VEHICLE and entered the Beverage Mart. FBI Task Force Officer Dustin Robinson surveilled them into the Beverage Mart and positively identified both BOUCHARD and ROY after the transaction.

13. At approximately 1703 hours, Det. Renning met with CI and the CI turned over suspected cocaine base and fentanyl. Det. Renning conducted a search of CI at approximately 1708 hours. No contraband or currency was located during the search. At approximately 1707 hours, Det. Renning conducted a search of CIs vehicle. No contraband or currency was located.

14. Det. Renning obtained a sworn recorded statement from CI. CI advised that it met with BOUCHARD at the transaction location. CI advised that it provided BOUCHARD with $320.00 in prerecorded VDTF funds and that BOUCHARD in turn provided the CI with cocaine base and fentanyl. CI advised that it did not deal with anyone other than BOUCHARD. However, during the controlled purchase, a male identified by the CI as "Zay" was also in the TARGET VEHICLE.

15. CI advised that it did not tamper with or consume any illegal drugs during the transaction. Det. Renning showed CI a known photograph of BOUCHARD containing no text or identifying information. CI advised that the photograph was of BOUCHARD. Det. Renning showed the CI an arrest booking photograph of Zaquikon ROY containing no text or identifying information. CI identified the person in the picture as "Zay" and "Charlie." The statement made by CI was consistent with the observations of the surveillance team.

16. The suspected cocaine base obtained from the CI was weighed approximately 2.39 grams with packaging. The contents were field-tested using a TruNarc analyzer, which resulted in a presumptive positive for the presence of cocaine base. There were a total of 10 dosage units (meaning, 10 individual packages/packets) of fentanyl. The contents were field-tested using a TruNarc analyzer, which resulted in a presumptive positive for the presence of fentanyl.

17. Det. Renning later recovered 2 digital audio files and numerous digital video files from the audio/video recording and transmitting devices. The audio files clearly captured BOUCHARD during the transaction.

## Conclusion

18. Based on the information set forth above, I believe there is probable cause that Kimberly BOUCHARD, violated 21 U.S.C. § 841(a)(1) on April 5, 2023, by distributing cocaine base and fentanyl within the District of Vermont.

Attested to by reliable electronic means,

*/s/ Andrew Kirwan*
ANDREW KIRWAN
Special Agent, FBI

On June 7, 2023, the affiant appeared before me by video conference pursuant to Fed. R. Crim. P. 4.1 and affirmed under oath the content of this affidavit and application.

_____
HON. KEVIN J. DOYLE
United States Magistrate Judge

5